SARAH J. SIMPSON V. THE EGAN COMPANY, A CORPORATION, ETC.

1. An agreement for sale of lands in consideration of stock in an incorporated company to a specified face value amount, with an agreement to re-purchase the stock at or before the expiration of ten years at a specified amount in cash, is an entire contract and not divisible. The stock consideration was received and paid subject to the vendor's right to redemption in money.
2. The vendor in case of refusal of vendee to pay the stipulated price, upon tender of the stock and demand, may sue for the amount due as upon the main contract. The option to have the stock redeemed does not involve an agreement of the company to purchase stock, in the ordinary sense, and the doctrine of *ultra vires* can not be invoked as a defense.

HOSEA, J.

Demurrer to petition.

The petition sets forth, in terms, a contract whereby the Egan Company, defendant, purchased of Mrs. Simpson a certain lot of ground and building thereon, agreeing to pay

in stock of the J. A. Fay & Egan Company (preferred or common, at her option), to the face value of $30,000, with an agreement to repurchase the stock, at or before ten years, at $45,000.

The property was duly conveyed by direction of the Egan Company to the J. A. Fay & Egan Company, its nominee, and the stock duly delivered.

At the expiration of the ten years, on Feb. 16, 1903, Mrs. Simpson tendered the stock to the Egan Company, and demanded the $45,000; and, both tender and demand being refused, she avers that she then and thereafter treated the stock as her own at its then market value of 70 per cent. (or $21,000), and sues for the difference between this and the contract price of $45,000, *i. e.,* $24,000, with interest, aggregating $30,000.

It does not seem to me necessary upon this demurrer to consider the doctrine of *ultra vires,* invoked and resisted so ably and exhaustively in argument. The true ground of decision lies beneath and renders such considerations in a sense premature at this stage.

The averments of the petition, up to and including the tender and refusal, state a case for the enforcement of the option and for the recovery of the sum of $45,000 (upon a continuing tender of the stock), as, in effect, the guaranteed purchase price of real estate conveyed; but the pleader at this point has diverged, upon a theory, apparently, that the guarantee clause in question may be treated as an independent agreement for the purchase and sale of stock, and thus bring it within the rules of, and thereby obtain advantages peculiar to, the law merchant.

This, however, can not be done, for the reason that the agreement is an inseparable part of the main contract and governed by it. The stock consideration for the purchase was paid and received subject for a fixed period, to the vendor's right to have redemption in money. This clause was not a contract for the bargain and sale of stock upon which a tender could be made of any stock of that kind and amount, but an option to deliver up the particular stock, held at the consideration of the sale of the real estate, and

receive cash in lieu thereof. It was, in effect, a guarantee of the value of the stock originally paid. If the stock itself should appreciate, as guaranteed by the vendee, the vendor would have no occasion to exercise the option; but if it did not appreciate, then she might return it and demand the money.

It seems clear, therefore, that the rights and liabilities of the parties in relation to the stock are not subject to the law merchant as upon ordinary bargain and sale; but are necessarily governed by legal rules applicable to the contract as a whole.

The plaintiff, under this covenant, could do but one of two things: either waive the optional right and rest content with the stock, or tender back the stock and demand the $45,000. Upon tender and demand refused, the right of action was upon a continuing tender in court, to have judgment for the full sum with interest from date of the original tender and refusal. She could not, upon refusal of tender, retain the stock at an assumed value and have judgment for the difference between such sum and the guaranteed value.

It is manifest that this prayer of the petition is not in harmony with the premises and is in the nature of a *non sequitur*. The facts stated do not legally constitute a cause of action for the relief demanded, and therefore the demurrer must be sustained.

If the plaintiff had sold or otherwise parted with the stock, such act would clearly have been a waiver of the option to have it redeemed in money; and the judgment of dismissal must have followed the sustaining of the demurrer. The allegations of the petition, however (the stock being still in possession of Mrs. Simpson), leave the question of waiver open to proof and argument, and amendment will therefore be allowed.

Demurrer sustained, with leave to amend in ten days.

*Harlan Cleveland* and *John E. Bruce,* for the demurrer.
*Sayler & Sayler* and *John C. Healy,* contra.